UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MARIA T.[1],

        Plaintiff,

v.                                      21-CV-525 (JLS)

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.

---

## DECISION AND ORDER

Plaintiff Maria T. brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) of the Social Security Act, seeking review of the decision made by the Commissioner of the Social Security Administration finding that she was not disabled. Dkt. 1. Plaintiff moved for judgment on the pleadings. Dkt. 7. The Commissioner responded and cross-moved for judgment on the pleadings, to which Plaintiff replied. Dkts. 10–1, 11. For the reasons below, the Court denies Plaintiff's motion and grants the Commissioner's cross-motion.

---

[1] Pursuant to the Western District of New York's November 18, 2020 Standing Order regarding the naming of plaintiffs in Social Security decisions, this decision and order identifies Plaintiff by first name and last initial.

## PROCEDURAL HISTORY

This action originates from Plaintiff's application for Supplemental Security Income ("SSI") filed on April 27, 2018.[2] Tr. 175–180.[3] Plaintiff's application was initially denied, and she requested a hearing before an administrative law judge ("ALJ"). Tr. 92–96. Following the hearing, in which Plaintiff was represented by counsel, ALJ Stephan Bell issued a decision finding that Plaintiff was not disabled. Tr. 20–35. Plaintiff's request for Appeals Council review was denied, after which Plaintiff commenced this action. Tr. 86–89; Dkt. 1.

## LEGAL STANDARDS

### I. DISTRICT COURT REVIEW

Judicial review of disability claims under the Act is limited to whether the Commissioner's decision is supported by substantial evidence and whether the correct legal standards were applied. *See* 42 U.S.C. § 405(g); *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013). The Commissioner's factual findings are conclusive when supported by substantial evidence. *See Biestek v. Berryhill*, 139 S. Ct. 1148, 1152 (2019). "Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a

---

[2] Plaintiff applied for SSI. SSI "provides benefits to each aged, blind, or disabled individual who does not have an eligible spouse and whose income and resources fall below a certain level." *Clark v. Astrue*, 602 F.3d 140, 142 (2d Cir. 2010) (quoting 42 U.S.C. § 1382(a)) (internal quotation marks omitted). The Social Security Administration uses the same five-step evaluation process to determine adult eligibility for both programs. *See* 20 C.F.R. § 416.920(a)(4).

[3] The filing at Dkt. 6 is the transcript of the proceedings before the Social Security Administration. All references to Dkt. 6 are hereby denoted "Tr. __."

conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citation omitted).

The Court does not determine *de novo* whether the claimant is disabled, but the Commissioner's conclusions of law are not given the same deferential standard of review. *See Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003). If there is a reasonable basis of doubt about whether the ALJ applied the correct legal standards, then upholding the determination "creates an unacceptable risk that a claimant will be deprived of the right to have his disability determination made according to correct legal principles." *Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987); *see Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quoting *Cruz v. Sullivan*, 912 F.2d 8, 11 (2d Cir. 1990)) (holding that the Court's review for legal error ensures "that the claimant has had a full hearing under the . . . regulations and in accordance with the beneficent purposes of the . . . Act.").

## II.   DISABILITY DETERMINATION

Disability under the Act is determined under a five-step test. *See Bowen v. City of New York*, 476 U.S. 467, 470–71 (1986); 20 C.F.R. § 416.920. First, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity. 20 C.F.R. § 416.920(b). "Substantial gainful activity" is work activity that involves significant physical or mental activities and is normally done for pay or profit. *Id.* § 416.972. If the ALJ finds that the claimant is engaged in substantial gainful activity, the claimant cannot claim disability. *Id.* § 416.920(b).

3

Second, the ALJ must determine whether the claimant has a medically determinable impairment or a combination of impairments that significantly limits the claimant's ability to perform basic work activities. 20 C.F.R. § 416.920(c). Absent such impairment, the claimant may not claim disability. *Id.*

Third, the ALJ must determine whether the claimant meets or medically equals the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. § 416.920(d). If such criteria are met, then the claimant is declared disabled. *Id.* § 416.920(d). Even if the claimant is not declared disabled under the third step, the ALJ may still find disability under the next two steps of the analysis. The ALJ must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). The RFC is a holistic assessment of the claimant's medical impairments, both severe and non-severe, that evaluates the claimant's ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for collective impairments. *Id.* § 416.945.

Even if the claimant is not declared disabled under the third step, the ALJ may still find disability under the next two steps of the analysis. The ALJ must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). The RFC is a holistic assessment of the claimant's medical impairments, both severe and non-severe, that evaluates the claimant's ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for collective impairments. 20 C.F.R. § 416.945.

In the fourth step, the ALJ must determine whether the claimant has the RFC to perform past relevant work. 20 C.F.R. § 416.920(f). If the claimant is capable of performing past relevant work, then the claimant is not disabled. 20 C.F.R. § 416.960(b)(3). If the ALJ finds that the claimant is unable to perform past relevant work, the analysis proceeds to the fifth and final step. 20 C.F.R. § 416.920(g)(1).

In this final analytical step, the ALJ must decide whether the claimant is able to perform any other relevant work corresponding with her or his RFC, age, education, and work experience. 20 C.F.R. § 416.960(c). Here, the burden of proof shifts from the claimant to the Commissioner to prove that a significant number of jobs in the national economy exists that the claimant can perform given her or his RFC, age, education, and work experience. 20 C.F.R. §§ 416.920(g), 416.960(c); *see Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999).

## DISCUSSION

### I. THE ALJ'S DECISION

The ALJ determined that Maria T. had not engaged in substantial gainful activity since filing her application on April 27, 2018. Tr. 35. The ALJ found that she suffered from the following severe impairments: generalized anxiety disorder; posttraumatic stress disorder; depressive disorder; opiate dependence in remission; alcohol abuse; stimulant use disorder; and Grave's disease with optic neuropathy. *Id.* at 22–23. The ALJ concluded, however, that Plaintiff's severe impairments or a

combination of impairments did not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 23.

After considering the entire record, the ALJ determined that Plaintiff had the RFC to perform "light work" as defined in 20 C.F.R. § 416.967(b), with the following limitations:

> [Plaintiff] can climb ramps and stairs occasionally, but she can never climb ladders, ropes, or scaffolds. [Plaintiff] can occasionally balance, stoop, kneel, crouch, and crawl. [Plaintiff] is able to hear and understand simple oral instructions. [Plaintiff] is able to read ordinary newspaper or book print. [Plaintiff] can occasionally perform tasks that require near acuity and she can occasionally perform tasks that require far acuity. [Plaintiff] can never work at unprotected heights or around moving mechanical parts. [Plaintiff] can never operate a motor vehicle as a job duty. [Plaintiff] is able to perform simple, routine tasks and make simple work-related decisions. [Plaintiff] can occasionally interact with supervisors, coworkers, and the public.

Tr. 25.

The ALJ found that Plaintiff had no past relevant work. Tr. 33. But the ALJ concluded that Plaintiff was not disabled because her age, education, work experience, and RFC allowed her to perform jobs existing in significant numbers in the national economy. Tr. 34. As such, according to the ALJ, Plaintiff had not been under a disability since her application date of April 27, 2018. Tr. 35.

## II.   PLAINTIFF'S ARGUMENT

Plaintiff makes three arguments for judgment in her favor. First, she argues that the ALJ improperly weighed the evidence in the record "before finding a

6

significantly more complex RFC than he opined to," which, "left the ultimate RFC determination unsupported by substantial evidence. Dkt 8, at 11. Second, Plaintiff argues the ALJ erred in finding Dr. Ippolito's opinion partially persuasive. *Id.* at 13. Lastly, Plaintiff argues that the ALJ erred by discounting "in part or whole every opinion of record regarding the Plaintiff's ability to function." *Id.* at 18.

## III. ANALYSIS

An ALJ must "weigh all of the evidence available to make an RFC finding that [is] consistent with the record as a whole." *Matta v. Astrue*, 508 F. App'x. 53, 56 (2d Cir. 2013). The Second Circuit has held that, where "'the record contains sufficient evidence from which an ALJ can assess the [claimant's] residual functional capacity' a medical source statement or formal medical opinion is not necessarily required[.]" *Monroe v. Comm'r*, 676 F. App'x. 5, 8 (2d Cir. 2017) (quoting *Tankisi v. Comm'r,* 521 F. App'x 29, 34 (2d Cir. 2013)). *See also Corbiere v. Berryhill*, 760 F. App'x 54, 56 (2d Cir. 2019) (affirming Commissioner's final decision despite lack of medical opinion expressly discussing Plaintiff's physical limitations and ALJ's reliance on treatment notes to formulate the RFC).

Here, the ALJ properly considered the opinions within the record, including the opinions of state agency medical consultant Dr. M. Angelotti, psychological consultative examiner Dr. Janine Ippolito, Psy.D., state agency psychological consultant Dr. C. Walker, Ph.D., Dr. Russel Lee, M.D., and Ms. Kamie Fields, MHC.

An ALJ must articulate how he or she considered certain factors in assessing medical opinions and prior administrative findings. *See* 20 C.F.R. § 416.920c(a)-(c).

The regulatory factors are: (1) supportability, (2) consistency, (3) relationship with the claimant, (4) specialization, and (5) other factors. *Id.* § 416.920c(c). An ALJ must explain his or her approach with respect to the first two factors when considering a medical opinion, but need not expound on the remaining three. *Id.* § 416.920c(b). The first factor–supportability– looks at how well a medical source supported and explained his or her opinions about the patient. The second factor– consistency– looks at whether a medical provider's findings and opinions are consistent with those of other medical providers and medical evidence. The more consistent a particular medical source opinion is with other evidence in the record, the stronger that medical opinion becomes. *Id.* § 416.920c(c)(2).

    The ALJ properly considered the opinion provided by Dr. Angelotti. Indeed, the ALJ imposed greater limitations in Plaintiff's ability to perform light work than opined by Dr. Angelotti. *See Riederer v. Comm'r of Soc. Sec.,* 464 F. Supp. 3d 499, 505–506 (W.D.N.Y. 2020) (ALJ did not err in formulating a more restrictive RFC than provided by opinion evidence). The ALJ found Dr. Angelotti's opinion partially persuasive based on the consistency of the longitudinal examination findings with the ability to perform light exertion work, but that "records submitted subsequent to this opinion support greater functional limitations, such that postural, visual, and environmental restrictions are warranted." Tr. 31. These social limitations in the RFC are supported by later-submitted records, which suggest a need for a greater limitation than opined by Dr. Angelotti.

Nor did the ALJ improperly assess the opinion of Dr. Walker. Here, the ALJ's RFC assessment was more limited than that of Dr. Walker. *Barone v. Comm'r of Soc. Sec.*, No. 18-CV-00482 (JJM), 2020 WL 3989350, at *4 (W.D.N.Y. July 15, 2020) ("[w]here an ALJ makes an RFC assessment that is *more* restrictive than the medical opinions of record, it is generally not a basis for remand") (internal citations omitted) (emphasis in original); *Wynn v. Comm'r of Soc. Sec.*, 342 F. Supp 3d 340, 347-348 (W.D.N.Y. 2018) (the ALJ properly assigned "little weight" to the opinion of consultative medical sources that "included fewer mental and physical work-related limitations" than the ALJ included in the RFC assessment).

Dr. Walker reviewed the records that existed as of August 2018 and found that Plaintiff had moderate limitations in interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing herself. Tr. 29–30. Dr. Walker also noted that Plaintiff was able to understand simple and "some" more detailed instructions; would have difficulty sustaining focus but maintain adequate interaction; may experience some difficulty in social interaction; and would "exhibit some difficulty with adaptation but is able to cope with changes and make decisions." Tr. 76–77. The ALJ found the opinion of Dr. Walker partially persuasive because of its consistency with Dr. Ippolito's examination findings and evidence in treatment records from the Resource Center. The ALJ, however, determined that Plaintiff could instead only occasionally interact with supervisors, coworkers, and the public to "better account for [Plaintiff's] anxiety." *Id.* at 32.

9

Thus, because the ALJ's determination posed additional restrictions than Dr. Walker's determination, remand based on this assessment is not required.

The ALJ properly considered Dr. Ippolito's opinion. An ALJ may credit only some portions of a medical opinion if the remaining portions are not supported by substantial evidence. *Veino v. Barnhart,* 312 F.3d 578, 588 (2d Cir. 2002). Dr. Ippolito conducted a psychiatric evaluation of Plaintiff and opined that she had "none" or "mild" limitations in the areas of mental functioning, moderate limitations in interacting with others, sustaining an ordinary routine and maintaining regular attendance, and marked limitations in regulating emotions, controlling behavior, and maintaining well-being. Tr. 408. The ALJ found the opinion of Dr. Ippolito partially persuasive because her opinion was "generally consistent and supported with her own examination findings and the evidence in the claimant's treatment records." *Id.* at 32. The ALJ, however, was not persuaded "by Dr. Ippolito's opinion that [Plaintiff] has marked limitations in regulating emotions, controlling behavior, and maintaining well-being, as that portion of her opinion is not supported by [Plaintiff's] fair insight and judgment, her cooperativeness, her adequate manner of relating, and the lack of evidence of hallucinations or paranoia." *Id.* Additionally, the ALJ found Dr. Ippolito's opinion inconsistent with Plaintiff's treatment records, which showed only intermittent mental health treatment with no medication and generally benign mental status examination findings. *Id.* The ALJ therefore properly found Dr. Ippolito's marked limitation in regulating emotions unsupported based on the record as a whole.

Nor did the ALJ err in assessing the opinion of Dr. Lee by analyzing how Dr. Lee's examination findings supported his own determination. In fact, the applicable regulations require the ALJ to conduct such an analysis. 20 C.F.R. § 416.920c(c)(1) ("The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be,"); *DuBois v. Comm'r of Soc. Sec.,* No. 20-CV-8422 (BCM), 2022 WL 845751, at *8 (S.D.N.Y. Mar. 21, 2022) (noting that the revised regulations "expressly authorized" the ALJ to compare an opinion with the source's underlying findings and that the ALJ properly "found an 'incongruity' between [the source's] conclusions and her underlying examination results"). The ALJ found Dr. Lee's determination that Plaintiff had moderate limitations in prolonged manipulation with her hands unsupported by the lack of abnormalities in Plaintiff's hand and her intact hand strength and dexterity. Tr. 30, 399–403. Additionally, the ALJ noted that "Dr. Lee appears to have given more weight to the claimant's reports of arthritis than his hand examination findings support." Tr. 31. Thus, the ALJ properly determined that Dr. Lee's opinion was not supported by Plaintiff's normal gait, full muscle and grip strength, and intact dexterity. *Id.* at 30–31.

The ALJ permissibly found Ms. Fields opinion not persuasive based on the record as a whole. While Plaintiff asserts that "other treatment notes did have positive findings," Dkt 8–1, at 14, this "disagreement is with the ALJ's weighing of

11

the evidence, but the deferential standard of review prevents [the Court] from reweighing it." *Krull v. Colvin,* 669 F. App'x 31, 32 (2d Cir. 2016). Ms. Fields, who saw the Plaintiff from March 2018 through March 2020, opined that Plaintiff was "seriously limited or unable to meet competitive standards in multiple mental work-related abilities." Tr. 949. Because the ALJ found this opinion not persuasive based on its lack of support and consistency with the treatment records of the Resource center, Tr. 32–33, the Court may not "decide the facts anew, reweigh the evidence, or substitute its own judgment for that of the [ALJ]." *Fanton v. Astrue,* No. 09-CV-6586T, 2011 WL 282383, at *2 (W.D.N.Y. Jan. 25, 2011); *see also Vincent v. Shalala,* 830 F. Supp. 126, 133 (N.D.N.Y. Aug. 12, 1993) (("[I]t is not the function of the reviewing court to reweigh the evidence.") (citing *Carroll v. Sec'y of Health & Hum. Servs.,* 705 F.2d 638, 642 (2d Cir. 1983))).

Lastly, the ALJ properly considered the record as a whole before discounting Plaintiff's subjective complaints. Tr. 25–26. When determining a claimant's RFC, "the ALJ is required to take the claimant's reports of pain and other limitations into account but is not required to accept the claimant's subjective complaints without question; he may exercise discretion in weighing the credibility of the claimant's testimony in light of the other evidence in the record." *Genier v. Astrue,* 606 F.3d 46, 49 (2d Cir. 2010) (internal citations omitted).

The Court cannot set aside the Commissioner's disability determination unless the decision is based on legal error or factual findings unsupported by substantial evidence. *Curry v. Soc. Sec. Admin.,* 855 F. App'x 46, 47 (2d Cir. 2021).

The "substantial evidence" standard "means only-such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). "[I]t is . . . a very deferential standard of review-even more so than the 'clearly erroneous' standard." *Brault v. Soc. Sec. Admin.*, 683 F.3d 443, 448 (2d Cir. 2012). In particular, it requires deference "to the Commissioner's resolution of conflicting evidence." *Cage v. Comm'r of Soc. Sec.*, 692 F.3d 118, 122 (2d Cir. 2012). In sum, substantial evidence supports the ALJ's evaluation and–ultimately, the ALJ's RFC determination.

## CONCLUSION

The Court recognizes sympathetic facts favoring Plaintiff. Nevertheless, based on the law and the analysis above, the Court **GRANTS** the Commissioner's cross motion for judgment on the pleadings (Dkt. 10–1) and **DENIES** Plaintiff's motion for judgment on the pleadings (Dkt. 8–1). The Clerk of the Court will close this case.

SO ORDERED.

Dated:    March 29, 2024
          Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE